# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Helmut Horst Mauer,

    Petitioner,

v.

State of Minnesota,

    Respondent.

Civil No. 08-4996 (RHK/JJG)

**ORDER**

## INTRODUCTION

Petitioner commenced this action by filing a habeas corpus petition under 28 U.S.C. § 2254, challenging the validity of his conviction and sentence in a Minnesota state criminal case. The matter was assigned to Magistrate Judge Jeanne J. Graham for a Report and Recommendation, ("R&R"). The Magistrate Judge filed an R&R on August 3, 2009, (Docket No. 21), recommending that Petitioner's habeas corpus petition should be dismissed on the merits, and with prejudice. This Court adopted the R&R, over Petitioner's objections, and the action was dismissed by a final judgment entered on September 15, 2009. (See Docket Nos. 22, 24 and 25).

Petitioner subsequently filed a notice of appeal, and an application for a Certificate of Appealability. (See Docket Nos. 26 and 27.) The Court now finds that Petitioner should be granted a COA for a single issue, which is described below.

## DISCUSSION

A state prisoner is not permitted to appeal a final order in a habeas corpus proceeding without first securing a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994), citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'") (citation omitted).

In this case, the Court finds that Petitioner meets the criteria for a COA for the due process claim that was addressed on the merits in the Magistrate Judge's R&R. The Court remains satisfied that the Magistrate Judge correctly analyzed Petitioner's claim, and properly recommended that the claim be denied on the merits. However, the Court finds that Petitioner's due process claim is "debatable among reasonable jurists," (Flieger, supra), and presents an issue that is worthy of appellate review.

The Court will therefore grant Petitioner a COA for the following issue:

*Was Petitioner denied due process, because the Minnesota Supreme Court declined to order a new trial after construing the state statute under which Petitioner was convicted, and the Court instead remanded the case to the trial court judge to consider whether Petitioner's conviction could be sustained under the new construction of the statute, based on the evidence presented at the previous trial to the court?*

## CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Petitioner's application for a Certificate of Appealability, (Docket No. 27), is GRANTED for the issue described herein.

Dated: November 4, 2009

                                                   s/Richard H. Kyle
                                                   RICHARD H. KYLE
                                                   United States District Court Judge